**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**THOMAS JAMES JOHNS,**

Plaintiff,

v.

**CIVIL ACTION NO.: 5:18-CV-37
(STAMP)**

**NANCY A. BERRYHILL,
Acting Commissioner of Social Security,**

Defendant.

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION

This case arises from the denial of Plaintiff Thomas James Johns' ("Plaintiff")

Title II application for a period of disability and disability insurance benefits ("DIB") and a

Title XVI application for supplemental social security income ("SSI"). After Plaintiff's

application proceeded through the administrative process, a United States

Administrative Law Judge ("the ALJ") concluded that Plaintiff was not disabled under the

Social Security Act ("the Act"). Now, Plaintiff seeks judicial review of the ALJ's decision.

Because the ALJ's decision to deny Plaintiff's claim for DIB and SSI is not supported by

substantial evidence, the undersigned recommends that Plaintiff's Motion for Summary

Judgment be granted in part and denied in part and Defendant's Motion for Summary

Judgment be denied.

## II.   PROCEDURAL HISTORY

In October 2014, Plaintiff filed a claim for DIB and SSI, alleging that his disability

began on April 14, 2014. R. 215–31. Plaintiff's claims were denied initially, R. 82–103,

and on reconsideration, R. 104–25. After these denials, Plaintiff filed a written request for a hearing before an ALJ. R. 155–56. A hearing was held before the ALJ in Morgantown, West Virginia. R. 29, 47–81. Plaintiff, represented by counsel Brain D. Bailey, Esq., and Larry A. Bell, an impartial vocational expert, appeared in person. R. 29. About three months later, the ALJ issued a decision concluding that Plaintiff was not disabled under the Social Security Act. R. 29–42. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Nancy A. Berryhill, the Acting Commissioner of Social Security ("the Commissioner"). R. 1–4.

Plaintiff, through counsel, filed a Complaint in this Court to obtain judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (2015). Compl., ECF No. 1. The Commissioner, through counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed her Answer and the Administrative Record of the proceedings. Answer, ECF No. 6; Admin. R., ECF No. 7. Soon thereafter, Plaintiff and the Commissioner filed their Motions for Summary Judgment and their supporting briefs. Pl.'s Mot. Summ. J., ECF No. 10; Def.'s Mot. Summ. J., ECF No. 12. Plaintiff then filed a response to the Commissioner's supporting brief. Pl.'s Resp. Def.'s Mot. Summ. J., ECF No. 14.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions and the administrative record, the undersigned now issues the following Report and Recommendation.

### III.    THE FIVE-STEP EVALUATION PROCESS

To be disabled under the Social Security Act, a claimant must meet these

criteria:

> [The] individual . . . [must have a] physical or mental
> impairment or impairments . . . of such severity that he is not
> only unable to do his previous work but cannot, considering
> his age, education, and work experience, engage in any
> other kind of substantial gainful work which exists in the
> national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific
> job vacancy exists for him, or whether he would be hired if
> he applied for work. . . . '[W]ork which exists in the national
> economy' means work which exists in significant numbers
> either in the region where such individual lives or in several
> regions of the country.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses this

five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If
> you are doing substantial gainful activity, we will find that you
> are not disabled.
>
> (ii) At the second step, we consider the medical severity of
> your impairment(s). If you do not have a severe medically
> determinable physical or mental impairment that meets the
> duration requirement [of twelve months] . . . or a combination
> of impairments that is severe and meets the duration
> requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of
> your impairments(s). If you have an impairment(s) that
> meets or equals one of our listings . . . and meets the
> duration requirement, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). "If your impairment(s) does not meet or equal a

listed impairment, we will assess and make a finding about your residual functional

capacity [("RFC")] based on all the relevant medical and other evidence in your case

record, as explained in § 404.1545." 20 C.F.R. §§ 404.1520(e), 416.920 (e).

3

(iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the burden is on the claimant to prove that he is disabled and that, as a result of the disability, he cannot engage in any gainful employment. Richardson v. Califano, 574 F.2d 802, 804 (4th Cir. 1978). Once the claimant so proves, the burden shifts to the Commissioner at step five to show that jobs exist in the national economy that the claimant can perform. Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is found to be disabled or not disabled during any of the five steps, the process will not proceed to the next step. 20 C.F.R. §§ 404.1520, 416.920.

## IV.    ADMINISTRATIVE LAW JUDGE'S DECISION

At step one of the sequential evaluation process outlined above, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 14, 2014, the date of alleged onset. R. 31. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease, anxiety disorder (agoraphobia), and depression. R. 31–32. At the third step, the ALJ found that Plaintiff has no impairment, or combination of impairments, that meet or medically equal the severity of one of the listed impairments. R. 32–34. Then, the ALJ determined that Plaintiff has "the [RFC] to perform light work," but with these limitations:

performing all postural movements, crouching and crawling occasionally, except never climbing ladders, ropes or scaffolds; with an allowance to sit or stand, briefly (for two minutes) alternating position every 30 minutes without going off task; no more than occasional contact with coworkers and supervisors and no in-person contact with the general public; once work is assigned should be able to be performed without working in coordination with other employees; work should be low stress in nature in that it does not involve rapid production or assembly line work and has limited decision-making responsibility.

R. 34–35, 35–40. At step four, the ALJ determined that Plaintiff cannot perform any past relevant work. R. 40. Then, at step five, the ALJ concluded that Plaintiff can perform other jobs in the national economy in significant numbers. R. 40–41. Thus, the ALJ found that Plaintiff is not disabled under the Social Security Act. R. 41.

## V.   DISCUSSION

### A.   Scope of Review

In reviewing an administrative finding of no disability, the scope of review is limited to determining whether the ALJ applied the proper legal standards and whether the ALJ's factual findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). A "factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Likewise, a factual finding by the ALJ is not binding if it is not supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "'such relevant evidence as a reasonable mind might accept to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on this definition, the United States Court of Appeals for the Fourth Circuit has stated that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is

evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial evidence exists, a court must "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ['s]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (citation omitted).

**B.      Contentions of the Parties**

In his motion for summary judgment, Plaintiff argues that the ALJ's decision is not supported by substantial evidence for three reasons. See generally Br. Supp. Pl.'s Mot. Summ. J., ECF No. 11. First, Plaintiff argues that the ALJ mischaracterized a host of evidence. Id. at 4–11. Second, Plaintiff argues that the ALJ did not properly document the "special technique" in his step-three analysis. Id. at 12–13. Third, Plaintiff argues that the Appeals Council erred by rejecting the opinion of Tony Goudy, PhD, id. at 12, which Plaintiff obtained and submitted after the ALJ issued his decision, R. 18–24. Based on these alleged errors, Plaintiff asks this Court to remand her claim for calculation of benefits or for further proceedings. ECF No. 11 at 13–15.

But the Commissioner argues that the ALJ's decision is supported by substantial evidence. See generally Def.'s Br. Supp. Mot. Summ. J, ECF No. 13. Addressing Plaintiff's arguments for summary judgment, the Commissioner claims that the ALJ correctly evaluated the evidence and properly documented his step-three analysis. Id. at 4–15. The Commissioner thus requests this Court to grant her summary judgment and affirm the ALJ's decision. Id. at 16.

The undersigned addresses each argument, in turn, below.

6

**C.     Whether Substantial Evidence Supports the ALJ's Decision**

**1.  Properly Considering and Weighing the Evidence**

Plaintiff first argues that the ALJ mischaracterized at least five pieces of

evidence, each requiring remand.[1]

First, Plaintiff argues that the ALJ improperly discounted Plaintiff's GAF scores.

ECF No. 11 at 4–5. Specifically, Plaintiff argues the ALJ's discounted Plaintiff's GAF

scores based on the erroneous conclusion that, "with appropriate treatment, [his] GAF

[scores] quickly rose." Id.; R. 32. Both parties agree that there is no evidence showing

increased GAF scores. ECF No. 13 at 6 n.4. Here, that fact alone requires remand:

Without higher GAF scores in the record, there is no evidence—let alone substantial

evidence—to support the ALJ's statement that, "with appropriate treatment, [Plaintiff's]

GAF [scores] quickly rose." R. 32. To avoid remand, the Commissioner argues that the

ALJ's error is harmless because there is other evidence of record that supports the

ALJ's decision to give Plaintiff's GAF scores little weight. ECF No. 13 at 6 n.4. Although

that may be true, it's not this Court's proper role to consider that evidence in the first

instance; that is better left to the ALJ on remand.

Second, Plaintiff argues that the ALJ improperly discounted the opinion of Toni

Goodykoontz, MD. ECF No. 11 at 7–8. In support, Plaintiff insists that ALJ's conclusion

was based on his erroneous decision to "play doctor," reweighing the evidence

interpreted by Dr. Goodykoontz. Id. That is not so. The ALJ did not reweigh the

evidence or play doctor. Instead, the ALJ discounted Dr. Goodykoontz's opinion

---

[1] Petitioner also alleges a sixth mischaracterization of evidence: that the ALJ mischaracterized Dr.
Goudy's report. ECF No. 11 at 12. Although couched as a "mischaracterization," Petitioner essentially
argues that the Appeals Council erred when it decided not to consider Dr. Goudy's report on appeal. See
id. Accordingly, the undersigned addresses this argument separately below. See infra Section V.C.3.

7

because it was "inconsistent with her observations and findings on evaluation." R. 37. Indeed, the ALJ explained that despite Plaintiff self-reporting severe symptoms of anxiety, including panic attacks, Dr. Goodykoontz observations did not support a GAF score of 50. R. 37. Specifically, "Dr. Goodykoontz observed 'good' eye contact and fair insight and judgment." R. 37. And Plaintiff "denied suicidal and homicidal ideation." This explanation supports the ALJ's conclusion that Plaintiff's "symptoms were not observed to be as problematic as he alleged." R. 37. So, the ALJ's decision to give Dr. Goodykoontz's opinion little weight is supported by substantial evidence.

Third, Plaintiff argues that the ALJ did not indicate what weight he gave to the opinion of Ms. Straight, a licensed psychologist. ECF No. 11 at 8–9. The undersigned agrees. Although the ALJ discussed Ms. Straight's evaluation at great length, R. 37–38, the ALJ did not indicate what weight, if any, he gave to that evaluation and why, R. 37–38. Instead, the ALJ merely summarized the contents of that evaluation before moving on to discuss other evidence. Because the ALJ did not indicate what weight he gave to Ms. Straight's evaluation, his decision is not supported by substantial evidence and requires remand. Metz v. Comm'r of Soc. Sec., No. 2:14–CV–56, 2014 WL 6792759, at *14 (N.D. W. Va. Dec. 2, 2014) ("Here, it is clear from the ALJ's decision that he did not assign any weight to Ms. Posey's opinion. This error alone requires the undersigned to find that the ALJ's decision is not supported by substantial evidence.").

Fourth, Plaintiff argues that the ALJ improperly discounted the opinion of Rodney McCullough, MA. ECF No. 11 at 9–10. Specifically, Plaintiff claims that despite giving Mr. McCullough's opinion "some weight," the ALJ did not identify what portions of the opinion he relied on—or discounted—and why. Id. Instead, Plaintiff insists that the ALJ

discounted portions of Mr. McCulliough's opinion based on pure speculation. Id. The undersigned agrees. After briefly recounting Mr. McCullough's conclusions, the ALJ discounted some of Mr. McCullough's opinion without explanation. R. 39. Indeed, the ALJ's only justification for discounting Mr. McCullough's opinion was because "it appeared that he embellished the treatment records and Ms. Straight's report." R. 39. Without more, the undersigned cannot determine what portions of Mr. McCullough's opinion were embellished or what other evidence supports that conclusion. To avoid remand, the Commissioner argues that a wealth of evidence supports the ALJ's decision to discount Mr. McCullough's opinion. ECF No. 13 at 7–8. Again, although that may be true, it is not this Court's prerogative to consider that evidence in the first instance. Because the ALJ did little (if anything) to support his decision, it is not supported substantial evidence.

And fifth, Plaintiff argues that the ALJ improperly gave the DDS evaluators great weight and did not compare the DDS evaluations against the record as a whole. ECF No. 11 at 11. In effect, Plaintiff claims that the ALJ should not have given great weight to the DDS evaluators because they did not consider all of the evidence. Id. But this argument is argument is based on a fundamental misunderstanding of 20 C.F.R. § 404.1527(c), which Plaintiff cites in support. That regulation states that the Social Security Administration (and thus the ALJ) will give more weight to a medical opinion that is consistent with the record as a whole. 20 C.F.R. § 404.1527(c)(4). It does not require the ALJ to discount DDS evaluations because they did not have the benefit of other relevant evidence. Id. Because DDS review often precedes the completion of the record, it would be unreasonable to discount DDS evaluations for that reason alone.

Indeed, that would virtually require the ALJ to discount those evaluations in almost every case. Nor does the regulation require the ALJ to give great weight to a medical opinion only because it consistent with other medical opinions. § 404.1527(c)(4). Instead, it only requires the ALJ to give a medical opinion "more weight" if it is "consistent . . . with the record as a whole." Id. Although Plaintiff disagrees with the great weight given to the DDS evaluators here, that basis alone is not enough to disturb the ALJ's decision. As a result, Plaintiff's argument lacks merit, and the ALJ's decision is supported by substantial evidence.

In short, because the ALJ (1) discounted Plaintiff's GAF scores based on evidence that does not exist, (2) did not indicate what weight he gave to Ms. Straight's opinion and why, and (3) did not sufficiently explain what portions of Mr. McCullough's opinion he discounted and why, the undersigned finds that the ALJ's decision is not supported by substantial evidence and requires remand.

## 2. The ALJ Properly Conducted the Requisite Step-Three Analysis

Next, Plaintiff argues that the ALJ did not properly document the "special technique" required when analyzing Plaintiff's mental impairments at steps two and three. ECF No. 11 at 12–13.

"When a claimant asserts a mental impairment as a basis for disability, the [Social Security Administration] is required to employ a 'special technique,' unique to mental impairments, to determine severity." Perry v. Colvin, No. 2:15-cv-01145, 2016 WL 1183155, at *3 (S.D. W. Va. Mar. 28, 2016) (citing 20 C.F.R. § 404.1520a(a)). "This 'special technique' is employed at steps two and three of the sequential evaluation to determine the severity of a claimant's mental impairments." Id. (citations omitted).

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has an impairment, or combination of impairments, that is severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is considered 'severe' if it significantly limits a claimant's ability to do work-related activities." Miller v. Colvin, No. 2:13–cv–31251, 2015 WL 917772, at *11 (N.D. W. Va. Mar. 3, 2015) (citing 20 C.F.R. §§ 404.1520(a), 416921(a); SSR 96–3p, 1996 WL 374181, at *1 (July 2, 1996)). If the ALJ determines that the claimant suffers from one severe impairment, or combination of impairments, the ALJ must proceed to the third step of the evaluation process. Miller, 2015 WL 917772, at *11. Because the ALJ determined that Plaintiff suffers from two severe mental impairments (anxiety disorder and depression), the ALJ properly went on to step three of the sequential evaluation process. R. 31–32.

At step three, the ALJ must determine the severity of the claimant's mental impairments by determining whether the claimant's mental impairments meet or equal one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). "When evaluating whether a claimant meets one or more of the listed impairments, the ALJ must identify the relevant listings and then compare each of the listed criteria to the evidence of the claimant's symptoms." Pierce v. Colvin, No. 5:14CV37, 2015 WL 136651, at *20 (N.D. W. Va. Jan. 9, 2015) (citing Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986)). "Cook, however, does not establish an inflexible rule requiring an exhaustive point-by-point discussion in all cases." Russell v. Chater, No. 94–2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995).

"The ALJ's duty of explanation is satisfied when he provides findings and determinations sufficiently articulated to permit meaningful judicial review." Pierce, 2015

11

WL 136651, at *20 (citing DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983)); see also Meador v. Colvin, No. 7:13–CV–214, 2015 WL 1477894, at *3 (W.D. Va. Mar. 27, 2015) ("What is required is that the ALJ's decision has a sufficient discussion of the evidence and explanation of its reasoning such that meaningful judicial review is possible." (citation omitted)). Indeed, "even '[a] cursory explanation' at step three may prove 'satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion.'" Knickrehm v. Colvin, No. 5:15-CV-00625-D, 2017 WL 685596, at *4 (E.D.N.C. Jan. 10, 2017) (alteration in original) (quoting Meador, 2015 WL 1477894, at *3).

> Thus, "remand is not warranted . . . 'where it is clear from the record which [L]isting . . . was considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing court] readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion.'"

Meador, 2015 WL 1477894, at *3 (alterations in original) (quoting Dunford v. Astrue, BPG–10–0124, 2012 WL 380057, at *3 (D. Md. Feb. 3, 2012) (quoting Schoofield v. Barnhart, 220 F. Supp. 2d 512, 522 (D. Md. 2002))).

In addition, "[t]he plaintiff bears the burden of proving that he meets all of the requirements of a listing."[2] Pierce v. Colvin, No. 5:14CV37, 2015 WL 136651, at *20

---

[2] Although the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," 42 U.S.C. § 423(d)(1)(A) (emphasis added), "[t]he listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just substantial gainful activity," Zebley, 493 U.S. 521, 532 (1990) (first alteration in original) (citing 20 C.F.R. § 416.925(a)).

The Supreme Court of the United States has explained that:

The reason for this difference between the listings' level of severity and the statutory standard is that, for adults, the listings were designed to

(N.D. W. Va. Jan. 9, 2015) (citing 20 C.F.R. §§ 404.1512(a), 404.1525(c)(3), 416.912(a), 416.925(c)(3)). "As a result, a claimant must present medical findings equal in severity to all the criteria for that listing: '[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify.'" Knickrehm, 2017 WL 685596, at *4 (alteration in original) (quoting Zebley, 493 U.S. at 530–31).

Here, the ALJ's step-three analysis fails for the same reasons set forth in Section V.C.1. Because substantial evidence does not support the ALJ's decision to discount (1) Plaintiff's GAF scores, (2) Ms. Straight's opinion, and (3) Mr. McCullough's opinion—all of which is evidence of Plaintiff's mental impairments—the undersigned cannot conclude that substantial evidence supports the ALJ's decision that Plaintiff's mental impairments do not meet or equal a medical listing. On remand, the ALJ must sufficiently discuss the evidence and explain his reasoning so that meaningful judicial review is possible.

### 3. The Appeals Council Properly Rejected Plaintiff's Late Submission of Evidence

Lastly, Plaintiff argues that the Appeals Council erred by rejecting the opinion of Dr. Goudy, ECF No. 11 at 12, which Plaintiff obtained and submitted after the ALJ issued his decision, R. 18–24, because that opinion relates to the time period at issue in Plaintiff's claim for DIB and SSI, ECF No. 11 at 12. This argument is unavailing.

---

> operate as a presumption of disability that makes further inquiry unnecessary. That is, if an adult is not actually working and his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he actually can perform his own prior work or other work.

Zebley, 493 U.S. at 532 (citing Bowen v. Yuckert, 482 U.S. 137, 141 (1987)).

Under paragraph (a)(5) of the controlling regulations, the Appeals Council will review a case if: "[s]ubject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5) (emphasis added), 416.1470(a)(5) (emphasis added). Under paragraph (b), "the Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435" for five specific reasons. Id. §§ 404.970(b) (emphasis added), 416.1470(b) (emphasis added). In other words, the Appeals Council will review only new evidence that relates to the time period at issue if there's a reasonable probability that it would change the outcome of the proceedings and the claimant shows good cause for one of the five enumerated reasons listed in paragraph (b). Id. §§ 404.970, 416.1470.

Although Plaintiff claims that Dr. Goudy's report relates to the time period at issue in Plaintiff's claim for DIB and SSI, he still fails to show good cause under paragraph (b). See generally ECF No. 11. Indeed, Plaintiff offered no explanation to the Appeals Council—or this Court—for why he did not obtain and submit Dr. Goudy's report with the other evidence required under 20 C.F.R. § 416.912. Id. As other courts have noted the "'good cause' requirement is not met by solicitation of a medical opinion to contest the ALJ's decision." Glover v. Comm'r of Soc. Sec., No. 09-520, 2010 WL 2671291, at *5–6 (W.D. Mich. June 10, 2010) (citing Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997)). And for good reason: Without it, a claimant would have "automatic

permission to supplement records with new evidence after the ALJ issues a decision in the case, which would seriously undermine the regularity of the administrative process." Perkins, 107 F.3d at 1296. Because Plaintiff has not shown good cause for submitting new evidence to the Appeals Council, the Council did not err when it declined to consider the same.

## VI.   RECOMMENDATION

For all these reasons, I find that the Commissioner's decision denying Plaintiff's claim for DIB and SSI is not supported by substantial evidence. Thus, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment [ECF No. 10] be **GRANTED IN PART AND DENIED IN PART**, Defendant's Motion for Summary Judgment [ECF No. 12] be **DENIED**, and the Commissioner's decision be **VACATED** and **REMANDED FOR PROCEEDINGS**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based on this Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. And because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 18th day of July, 2018.


ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE