IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS JAMES JOHNS,

    Plaintiff,

v.                                         Civil Action No. 5:18CV37
                                                  (STAMP)
NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Thomas James Johns, by counsel, seeks judicial review of the above-named defendant's decision to deny his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

The plaintiff applied for DIB and SSI in October 2014, alleging disability beginning April 14, 2014. His claim was denied initially and again upon reconsideration. The plaintiff then filed a written request for a hearing, and a hearing was held before the Administrative Law Judge ("ALJ") in Morgantown, West Virginia. The plaintiff, represented by counsel, and an impartial vocational expert appeared at the hearing. The ALJ issued an unfavorable decision to the plaintiff, and the plaintiff appealed. The Appeals

Council denied the plaintiff's request for review, and the plaintiff timely brought his claim before this Court.

The ALJ used a five step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920 to determine whether plaintiff is disabled. Using that process, the ALJ made the following findings: (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2015; (2) The claimant has not engaged in substantial gainful activity since April 14, 2014, the alleged onset date (20 C.F.R. § 404.1571 et seq., and § 416.971 et seq.); (3) The claimant has the following severe impairments: degenerative disc disease; anxiety disorder (agoraphobia); depression (20 C.F.R. §§ 404.1520(c) and 416.920(c)); (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926); (5) That the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) performing all postural movements, crouching and crawling occasionally, except never climbing ladders, ropes or scaffolds; with an allowance to sit or stand, briefly (for two minutes) alternating position every 30 minutes without going off task; no more than occasional contact with coworkers and supervisors and no in-person contact with the

general public; once work is assigned should be able to be performed without working in coordination with other employees; work should be low stress in nature in that it does not involve rapid production or assembly line work and has limited decision-making responsibility; (6) The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965); (7) The claimant was born on October 14, 1982 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963); (8) The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964); (9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2); (10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

Therefore, the ALJ found that the plaintiff has not been under a disability, as defined in the Social Security Act, from April 14,

2014, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

The plaintiff and the defendant both filed motions for summary judgment. The plaintiff's motion for summary judgment (ECF No. 10) argues that the ALJ's decision is not supported by substantial evidence. Specifically, the plaintiff contends that the ALJ mischaracterized a host of evidence, that the ALJ did not properly document the "special technique" in his step-three analysis, and that the Appeals Council erred by rejecting the opinion of Tony Goudy, Ph.D., which plaintiff obtained and submitted after the ALJ issued his decision. Based on these alleged errors, plaintiff asks this Court to remand the claim for calculation of benefits or for further proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and asserts that the ALJ correctly evaluated the evidence and properly documented his step-three analysis, and thus requests this Court to grant the motion for summary judgment and affirm the ALJ's decision. ECF No. 12. The plaintiff filed a response in opposition to defendant's motion for summary judgment. ECF No. 14.

United States Magistrate Judge Robert W. Trumble then entered his report and recommendation, to which neither party filed objections. ECF No. 15. The magistrate judge found that the Commissioner's decision denying plaintiff's claim for DIB and SSI is not supported by substantial evidence and recommends that

plaintiff's motion for summary judgment (ECF No. 10) be granted in part and denied in part, defendant's motion for summary judgment (ECF No. 12) be denied, and the commissioner's decision be vacated and remanded for proceedings. ECF No. 15 at 15.

For the reasons discussed below, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 12) is DENIED and the plaintiff's motion for summary judgment (ECF No. 10) is GRANTED IN PART and DENIED IN PART, and the Commissioner's decision is VACATED and REMANDED for further proceedings.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held: "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a

5

reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record and the parties' filings, this Court finds that because the parties did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

In making his recommendations, the magistrate judge first correctly found that because the ALJ (1) discounted plaintiff's Global Assessment of Function ("GAF") scores based on evidence that does not exist, (2) did not indicate what weight he gave to Ms. Straight's opinion and why, and (3) did not sufficiently explain what portions of Mr. McCullough's opinion he discounted and why,

6

the magistrate judge correctly determined that the ALJ's decision is not supported by substantial evidence and requires remand. ECF No. 15 at 15.

Next, the magistrate judge correctly found that the ALJ's step-three analysis fails for the same reasons set forth in the magistrate judge's report and recommendation at Section V.C.1, and because substantial evidence does not support the ALJ's decision to discount (1) plaintiff's GAF scores, (2) Ms. Straight's opinion, and (3) Mr. McCullough's opinion—all of which is evidence of plaintiff's mental impairments—the magistrate stated that he cannot conclude that substantial evidence supports the ALJ's decision that plaintiff's mental impairments do not meet or equal a medical listing. ECF No. 15 at 13. On remand, the magistrate correctly notes that the ALJ must sufficiently discuss the evidence and explain the underlying reasoning so that meaningful judicial review is possible. ECF No. 15 at 13. Lastly, the magistrate judge correctly found that because plaintiff has not shown good cause for submitting new evidence to the Appeals Council, the Council did not err when it declined to consider the same. ECF No. 15 at 15.

After reviewing the record and the parties' filings, this Court is not "left with the definite and firm conviction that a mistake has been committed" as to the findings of the magistrate judge. United States Gypsum Co., 333 U.S. at 395. Therefore, the

report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

## IV. <u>Conclusion</u>

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 15) is AFFIRMED and ADOPTED. Therefore, the defendant's motion for summary judgment (ECF No. 12) is DENIED, the plaintiff's motion for summary judgment (ECF No. 10) is GRANTED IN PART and DENIED IN PART, and the Commissioner's decision is VACATED and REMANDED for further proceedings. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because both parties failed to object, both the defendant and the plaintiff have waived the right to seek appellate review of this matter. <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 17, 2018

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE